■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL TAYLOR, Also Known as DERRELL TAYLOR, Appellant. [654 NYS2d 291] —Judgments, Supreme Court, New York County (Nicholas Figueroa, J.), rendered February 18, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and resisting arrest, and convicting him, upon his plea of guilty on another indictment, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent prison terms of $5^1/2$ to 11 years, $4^1/2$ to 9 years and 1 year, respectively, unanimously affirmed.

The prosecutor's remarks during summation were responsive to the closing arguments of defendant and his co-defendant and certainly did not exceed the broad latitude permitted in closing arguments (*see, People v D'Alessandro*, 184 AD2d 114, *lv denied* 81 NY2d 884).

As to indictment No. 5593/93, defendant's conviction by plea of guilty, application by appellant's counsel to withdraw as counsel is granted (*Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Rosenberger, Ellerin and Williams, JJ.